1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEREMY KENNETH BONDERER,                No.  2:20-cv-2540 AC P

12                  Plaintiff,

13          v.                                ORDER

14    UNKNOWN,

15                  Defendant.

16

17          Plaintiff, a county prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983

18    and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19          I.      Application to Proceed In Forma Pauperis

20          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21    § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23    §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25    the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26    forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27    of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28    These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

1    the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2    § 1915(b)(2).

3         II.      Statutory Screening of Prisoner Complaints

4         The court is required to screen complaints brought by prisoners seeking relief against a

5    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12   theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

13   640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

14   stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16   Franklin, 745 F.2d at 1227-28 (citations omitted).

17        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19   what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

20   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

21   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

23   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28   cognizable right of action.'"  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

                                          2

1   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2          "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3   relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4   Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

5   content that allows the court to draw the reasonable inference that the defendant is liable for the

6   misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this

7   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11        III.    Complaint

12         The complaint alleges that on September 26, 2020, four unidentified El Dorado County

13  Sheriff's Deputies approached plaintiff in the dayroom and pushed him against the wall for no

14  reason. ECF No. 1 at 3-4. Plaintiff further alleges that the force used to put him against the wall

15  was sufficient to cause pain and bruising to his face, and his left arm was twisted upward, which

16  was extremely painful and has cause lasting pain and mobility impairment. Id. at 4.

17         The use of fictitiously named Doe defendants is generally not favored. Gillespie v.

18  Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted). However, amendment is allowed

19  to substitute true names for fictitiously named defendants, see Merritt v. County of Los Angeles,

20  875 F.2d 765, 768 (9th Cir. 1989), and plaintiff's allegations are sufficient to state a claim against

21  the four Doe defendants for excessive force in violation of the Fourteenth Amendment,[1] see

22  Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015) (use of force against a pretrial detainee is

23  excessive if "objectively unreasonable").

24  _____

25  [1] The court assumes for the purposes of screening that because plaintiff is in the custody of the El
    Dorado County Jail, he is a pretrial detainee and his claims are therefore governed by the
26  Fourteenth Amendment. Castro v. County of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir.
    2016). However, even if plaintiff has been convicted and his claims are governed by the Eighth
27  Amendment, his allegations are sufficient to state a claim for excessive force. See Hudson v.
    McMillian, 503 U.S. 1, 6-7 (1992) (force is excessive if used "maliciously and sadistically to
28  cause harm" (citation omitted)).

1    Regardless, due to the impossibility of serving an unknown individual, the court will not

2    order service on the Doe defendants until plaintiff has identified them and filed either an amended

3    complaint that names the defendants or a motion to substitute named defendants for the Doe

4    defendants.  Plaintiff shall promptly seek such information through the California Public Records

5    Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff.[2]  If access to the

6    required information is denied or unreasonably delayed, plaintiff may seek judicial intervention.

7    IV.    Plain Language Summary of this Order for a Pro Se Litigant

8    Your request to proceed in forma pauperis is granted and you are not required to pay the

9    entire filing fee immediately.

10    The complaint states a claim for relief.  However, because the defendants are unidentified,

11    the court cannot serve the complaint.  You must identify the defendants and either file an

12    amended complaint that includes their names or a motion to substitute named defendants for the

13    Doe defendants.

14    In accordance with the above, IT IS HEREBY ORDERED that:

15    1.   Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

16    2.   Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

17    is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

18    § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

19    appropriate agency filed concurrently herewith.

20    3.   Plaintiff's motion for pro se status, ECF No. 3, is GRANTED to the extent this order

21    reflects that he is proceeding in this action in pro se.

22    4.   The complaint states a claim for relief against Does 1-4.

23    ////

24    ////

25    ////

26    ////

27    _____

28    [2]  Plaintiff may be able to obtain the information he through the jails grievance system or other
administrative process.

4

1     5.   Within sixty days of the filing of this order, plaintiff shall file either an amended

2   complaint that names the defendants or a motion to substitute named defendants for the Doe

3   defendants.  Failure to do so will result in a recommendation that this action be dismissed.

4   DATED: April 6, 2021

5   _____

   ALLISON CLAIRE

6   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28