UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY KENNETH BONDERER, | No. 2:20-cv-2540 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| UNKNOWN, | |
| Defendants. | |

Plaintiff is a county prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On screening the court found that though the complaint in this case stated cognizable claims for relief, it could not be served because plaintiff had named only Doe defendants. ECF No. 6. Plaintiff was given sixty days to identify the Doe defendants and advised that he should "promptly seek such information through the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff," including the jail grievance system or other administrative process. Id. at 4-5 & n.2. He was further advised that "[i]f access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention." Id. at 4. Plaintiff was warned that failure to identify the Doe defendants would result in a recommendation that this action be dismissed. Id. at 5.

Prior to the expiration of the deadline, plaintiff sought and was granted an additional sixty days to identify the defendants. ECF Nos. 8, 9. Plaintiff then filed a motion stating that he had

1

been unable to identify the defendants and that he would like to proceed against the Doe defendants. ECF No. 10. The motion was denied, and plaintiff was ordered to show cause why this case should not be dismissed for failure to identify any defendants for service. ECF No. 12. In response to the order, plaintiff reiterated that he was unable to identify the defendants through the grievance process and that he wanted to proceed against the Doe defendants. ECF No. 15. He also requested that the case be allowed to proceed against the El Dorado County Jail if proceeding against the Doe defendants alone was not sufficient. ECF No. 16.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (citation omitted). However, where the plaintiff does not know the identity of the defendants prior to filing the complaint, he "should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id. (citations omitted). In this case, plaintiff was advised that this case cannot proceed until the defendants are identified because it is impossible to serve the complaint without knowing the identities of the defendants. ECF Nos. 6, 9, 12. He was further warned that failure to identify the Doe defendants would result in a recommendation that this case be dismissed. Id. Plaintiff has been granted ample opportunity to identify the Doe defendants but has provided no indication that he is likely to obtain the name of any viable defendant in the foreseeable future. Plaintiff cannot "proceed against" unserved defendants, and an unidentified Doe cannot be served.

Plaintiff's request to add the El Dorado County Jail as a defendant does not resolve the issue, as plaintiff has not asserted any claims against the El Dorado County Jail and he cannot simply substitute the jail or the county for individual defendants. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable under § 1983 on a respondeat superior theory").

Because plaintiff has failed to identify any defendant for service or shown good cause for the failure, it will be recommended that this action be dismissed without prejudice. See Fed. R. Civ. P. 4(m) (court may dismiss a claim for failure to effect timely service after providing notice,

and absent a showing of good cause for failure to serve).  Dismissal without prejudice means that plaintiff will be able to refile his complaint in the future as a new case, if he identifies a defendant within the applicable limitations period.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that this action be dismissed without prejudice for failure to identify any defendant for service.  See Fed. R. Civ. P. 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 13, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE